JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 1400

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMATRAK, INC., PRIVACY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation consists of the seven actions listed on the attached Schedule A and pending in two districts as follows: six actions in the Southern District of New York and one action in the District of Massachusetts. Plaintiffs in four of the New York actions move the Panel, pursuant to 28 U.S.C. §1407, for centralization of the litigation in the Southern District of New York. A single response in opposition to the 1407 motion has been filed by 1) common defendant Pharmatrak, Inc. (Pharmatrak), a data mining company that provides website analysis and consulting services to pharmaceutical companies; 2) common defendant Glocal Communications Ltd., which is Pharmatrak's parent; and 3) three drug company defendants: i) American Home Products Corp., which is named in the Massachusetts action and three New York actions, ii) Pfizer, Inc., which is named in the Massachusetts action and five New York actions, and iii) Pharmacia Corp., which is named in the Massachusetts action and three New York actions. If the Panel nevertheless orders centralization in this docket, then opposing defendants would favor selection of the District of Massachusetts as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought as putative class actions raising common questions of fact and law against defendants allegedly engaged in the surreptitious and unauthorized practice of accessing private and sensitive browsing information from computer users who visit drug company defendants' Internet websites. All MDL-1400 defendants are sued in both districts. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Given the locations of parties and anticipated witnesses in this docket, it is clear that either of the districts in which constituent actions are pending would be a suitable transferee forum. In concluding that the District of Massachusetts is the appropriate forum for this docket, we note that i) as the situs of the headquarters of Pharmatrak, the data mining company that allegedly orchestrated the conduct at issue in these actions, the district is likely to be the source of a substantial number of witnesses and documents subject to discovery; and ii) the district enjoys general caseload conditions that will permit the Panel to effect the Section 1407 assignment to a court with the present resources to devote the time to pretrial matters that this docket is likely to require.

---

*Judge Selya took no part in the decision of this matter.


IMAGED APR 20 '01

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of New York are hereby transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1400 -- In re Pharmatrak, Inc., Privacy Litigation</u>

<u>District of Massachusetts</u>

*Noah Blumofe, et al. v. Pharmatrak, Inc., et al.*, C.A. No. 1:00-11672

<u>Southern District of New York</u>

*Marcus Schroers v. Pfizer, Inc., et al.*, C.A. No. 1:00-6121
*Rob Barring v. Pfizer, Inc., et al.*, C.A. No. 1:00-6122
*Robin McClary v. Pharmatrak, Inc., et al.*, C.A. No. 1:00-6173
*Harris Perlman v. Pharmatrak, Inc., et al.*, C.A. No. 1:00-6980
*Noah Blumofe, et al. v. Pharmatrak, Inc., et al.*, C.A. No. 1:00-7954
*Jim A. Darby v. Pharmatrak, Inc., et al.*, C.A. No. 1:00-8900